UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

NO. 3:10-CV-00610-RLV-DSC

| | |
|---|---|
| SRI GOUTAM TEX,<br><br>Plaintiff,<br><br>vs.<br><br>LINTER INDUSTRIES CORP., LINTER INTERNATIONAL CORP. and ALAN BOLONKIN,<br><br>Defendants. | CONSENT JUDGMENT AGAINST LINTER INDUSTRIES CORP. |

Before the Court is the Consent Judgment against Linter Industries Corp. in the above referenced matter. As reflected by their signatures below all parties to this matter consent to the entry of judgment in accordance with the terms hereof.

**STIPULATIONS OF FACT**

1. Plaintiff Sri Goutam Tex ("SGT") is a company organized under the laws of the Republic of India, having its principal place of business in the Republic of India.

2. Defendant Linter Industries Corp. ("Industries") is a Florida corporation with its principal place of business in Mecklenburg County, North Carolina.

3. Defendant Linter International Corp. ("International") is a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina.

4. Alan Bolonkin ("Bolonkin") is an individual resident and citizen of the State of North Carolina. Bolonkin is the owner of and president of Industries.

5. Third-party defendant Rajapounder Easwara Murthy ("Murthy") is a citizen and resident of the Republic of India. Murthy is the owner of and President of SGT.

6. At all times relevant to the allegations in the Complaint and in the Counterclaim, Industries has been engaged in the business of selling finished clothing products to companies engaged in the retail sale of clothing products.

7. Industries' customers included companies like Kohl's, One Step Up/Wet Seal, The M. J. Soffe Company and Next Marketing, Inc.

8. Next Marketing, Inc. was one of Industries' primary customers for several years.

9. At all times relevant to the allegations in the Complaint and in the Counterclaim, SGT has been engaged in the business of manufacturing finished clothing products.

10. Beginning in around 2004 Industries started submitting orders to SGT for SGT to manufacture clothing in accordance with the specifications Industries provided to SGT.

11. SGT usually, but not always, submitted invoices to Industries for clothing that SGT manufactured.

12. In 2009 and 2010, Next Marketing, Inc. began having financial difficulty and was consistently late in paying for product delivered to it.

13. By the first quarter of 2010, Next Marketing, Inc. was indebted to Industries in the amount of NINE HUNDRED EIGHT THOUSAND THREE HUNDRED FORTY NINE AND 42/100 Dollars ($908,349.42).

14. In 2010, the assets of Next Marketing, Inc. were acquired by a third-party.

15. In 2010, Industries negotiated a settlement with Next Marketing, Inc. whereby Next Marketing, Inc. paid to Industries the total amount of TWO HUNDRED TWENTY-SEVEN THOUSAND EIGHTY-SEVEN DOLLARS AND THIRTY-FIVE CENTS ($227,087.35) in full and final compromise of all claims of Industries against Next Marketing, Inc.

16. As a result of, among other things, the significant losses on the sales to Next Marketing, Inc. and significant chargebacks for defective goods, Industries experienced severe financial distress.

17. Industries failed to make payments to SGT on outstanding invoices from SGT to Industries.

18. On August 11, 2010, Industries filed its notice of voluntary dissolution with the Florida Department of State, Division of Corporations.

19. No officer, director, agent or employee of Industries participated in or caused the transfer of any assets out of Industries other than in compliance with the applicable provisions of the North Carolina Business Corporations Act.

20. There is no factual basis for any fraudulent transfer claim against Alan Bolonkin or any other officer, director, agent or employee of Industries.

21. There is no factual basis for any fraudulent transfer claim against International or any officer, director, agent or employee of International.

22. There is no factual basis for any claim of liability under any theory of alter ego or piercing the corporate veil against Alan Bolonkin or any other officer, director, agent or employee of Industries.

23. There is no factual basis for any claim of liability under any theory of alter ego or piercing the corporate veil against International or any of its officers, directors, agents or employees.

24. There is no factual basis for any of SGT's claims in the Complaint except for its claim that Industries breached agreements between Industries and SGT.

25. The parties have entered into a SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Settlement Agreement") which requires the entry of this Consent Judgment. In the Settlement Agreement, the parties agreed that this Consent Judgment:

   a. Would recite findings of fact that there is no basis for any recovery against Alan Bolonkin or any Industries officer, director, employee, or agent, International or any other company under any theory which could impose liability on such persons or entities, whether by alter ego, fraudulent transfer, piercing the corporate veil or any other legal theory, for the claims in the lawsuit;

   b. Would decree that the Consent Judgment is executable only on the assets, if any, of Industries and no other person or entity;

   c. Provide on its face that it is enforceable only by SGT; that it is non-transferable and non-assignable; and that it is void if SGT makes any purported transfer or assignment of any of its rights under the Consent Judgment; and

   d. Include provisions guaranteeing that neither SGT nor any assignee or transferee of SGT will seek to execute the judgment against International, Alan Bolonkin or his family, or any officers, directors, employees or agents of Industries or International.

## CONCLUSIONS OF LAW BASED ON THE STIPULATIONS OF FACT

1. The Court has subject matter jurisdiction, venue is appropriate in this district and division, and all parties have appeared and are subject to the Court's personal jurisdiction.

2. By failing to make payments to SGT referenced above, Industries breached its contracts with SGT.

3. Neither Alan Bolonkin nor Linter International Corp. is liable to SGT for any of the claims in the Complaint.

4. Linter Industries Corp. is not liable to SGT for any claims in the Complaint except for breach of contract as set forth herein.

5. Neither SGT nor Murthy is liable to Linter Industries Corp. for the claims in the Counterclaim.

**DECREE**

Based on the foregoing Stipulations of Fact of fact and Conclusions of Law Based on the Stipulations of Fact, with the consent of the parties, it is hereby, **ORDERED ADJUDGED AND DECREED**:

1. Judgment is entered in favor of plaintiff SGT solely and exclusively against defendant Linter Industries Corp. in the amount of US NINE HUNDRED SEVENTY-FOUR THOUSAND AND NO/100 DOLLARS ($974,000.00).

2. This Judgment is executable only on the assets, if any, of defendant Linter Industries Corp. and no other person or entity.

3. This Judgment is enforceable only by SGT; it is non-transferable and non-assignable; and it is void if SGT makes any purported transfer or assignment of any of its rights under this Judgment.

4. Neither SGT nor any of its successors nor any person acting by, through or under SGT shall attempt to execute this Judgment against Linter International Corp., Alan Bolonkin or

his family, or any officers, directors, employees or agents of Linter Industries Corp. or Linter International Corp.

5. All Claims in the Counterclaims are dismissed with prejudice.

6. All claims in the Complaint other than SGT's breach of contract claim against Linter Industries Corp. are dismissed with prejudice.

7. Each Party shall bear his or its own attorneys fees and costs related to this lawsuit, and no party shall be considered a prevailing party for the purposes of awarding attorneys fees or costs.

8. SGT shall make no efforts to enforce or collect on this judgment until after September 30, 2011.

9. Neither Linter Industries Corp. nor any of its officers, directors, employees or agents shall be liable to SGT or to any person or entity acting by through or under SGT for any distributions Linter Industries Corp. makes to any person or entity between the date of this judgment and September 30, 2011.

10. All relief not expressly and specifically granted is DENIED.

Date: _____          SRI GOUTAM TEX

                         By: _____
                             R. Easwara Murthy, President


Date: _____          _____
                         R. Easwara Murthy


Date: _____          LINTER INDUSTRIES CORP.

his family, or any officers, directors, employees or agents of Linter Industries Corp. or Linter International Corp.

5. All Claims in the Counterclaims are dismissed with prejudice.

6. All claims in the Complaint other than SGT's breach of contract claim against Linter Industries Corp. are dismissed with prejudice.

7. Each Party shall bear his or its own attorneys fees and costs related to this lawsuit, and no party shall be considered a prevailing party for the purposes of awarding attorneys fees or costs.

8. SGT shall make no efforts to enforce or collect on this judgment until after September 30, 2011.

9. Neither Linter Industries Corp. nor any of its officers, directors, employees or agents shall be liable to SGT or to any person or entity acting by through or under SGT for any distributions Linter Industries Corp. makes to any person or entity between the date of this judgment and September 30, 2011.

10. All relief not expressly and specifically granted is DENIED.

Date: 27|5|11

SRI GOUTAM TEX

By: _____
R. Easwara Murthy, President

Date: 21|5|11

_____
R. Easwara Murthy

Date: _____

LINTER INDUSTRIES CORP.

By: *[signature]*
Alan Bolonkin, President

Date: 8/25/11

LINTER INTERNATIONAL CORP.

By: *[signature]*
Alan Bolonkin, President

Date: 8/25/11

*[signature]*
Alan Bolonkin

Entered this 6th day of September, 2011

*[signature]*
United States District Court Judge